<u>NOT FOR PUBLICATION</u>                                    [Docket No. 27]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

DALMA S. EDWARDS,

    Plaintiff,

    v.

CHARLES E. SAMUELS, JR., ALLIA J. LEWIS, H. THOMPSON, CHARLESTON IWUAGWA, PRADIP PATEL, D. SCOTT DODRILL, HARRELL WATTS, JOHN DOE #1, JANE DOE #1,

    Defendants.

Civil No. 06-3758 (RMB)

**OPINION**

---

APPEARANCES:

Dalma S. Edwards
P.O. Box 9898
Norfolk, VA 23505
    Pro Se Plaintiff

John Andrew Ruymann
Office of the US Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
    Attorney for Defendants

**BUMB**, United States District Judge:

    This matter comes before the Court upon Defendants' partial motion to dismiss or, alternatively, for partial summary judgment. In the Amended Complaint, Plaintiff Dalma S. Edwards raised a number of claims against the following employees of the

1

Federal Bureau of Prisons in their individual and official capacities concerning Plaintiff's alleged exposure to environmental tobacco smoke (ETS)during his imprisonment at the Federal Correctional Institution at Fort Dix, New Jersey: Charles E. Samuels, Jr., Allia Lewis, Horace Thompson, Pradip Patel, D. Scott Dodrill, Harrell Watts, and Charleston Iwuagwu.

On January 8, 2007, this Court reviewed the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  (Opinion, filed January 8, 2007 [Dkt. No. 5]; Order, filed January 8, 2007 [Dkt. No. 6]).  As a result of that review, this Court dismissed the following claims, without prejudice, as against all defendants:  (1) conspiracy in violation of 42 U.S.C. § 1985; (2) violation of Plaintiff's due process and equal protection rights under the Fifth Amendment; and (3) violations of RICO statutes.  However, the Court allowed Plaintiff's Eighth Amendment claims alleging unreasonable exposure to ETS and denial of medical care and his tort claim alleging intentional infliction of emotional distress to proceed.

Defendants now move to dismiss Plaintiff's tort claim alleging intentional infliction of emotional distress as well as Plaintiff's Eighth Amendment claim alleging denial of medical

2

care.  Defendants contend that this Court lacks subject matter jurisdiction over the tort claim due to Plaintiff's failure to comply with the administrative claim requirements of the Federal Tort Claims Act before filing suit.  Similarly, they claim that Plaintiff's medical care claim must be dismissed because Plaintiff failed to exhaust his available administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act.

**DISCUSSION**

    FEDERAL TORT CLAIMS ACT

    The Federal Tort Claims Act ("FTCA") provides, in relevant part,

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section...

28 U.S.C. § 2675(a) (emphasis added).  This requirement that an FTCA claim first be presented to a federal agency, and the federal agency act on the claim, is jurisdictional and cannot be waived.  Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir.

1971).  "Failure to observe the requirement of the [Federal Tort Claims] Act mandates dismissal."  Peterson v. United States, 694 F.2d 943, 945 n. 5 (3d Cir. 1982) (citing Bialowas, 443 F.2d. 1047).  Moreover, the statute's exhaustion requirement is not satisfied when a plaintiff who previously filed an administrative claim brings suit before his claim is explicitly denied by the agency or deemed denied due to the passage of six months with no agency denial.  McNeil v. United States, 508 U.S. 106, 111-13 (1993).

Here, Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's tort claim of intentional infliction of emotional distress due to Plaintiff's failure to satisfy the FTCA's mandatory exhaustion requirement.  (Def. Motion at 6-7).  Defendants present evidence that Plaintiff did not submit his administrative claim with the BOP until February 6, 2007, which was after he filed this lawsuit on August 10, 2006 and after this Court raised the question of whether Plaintiff had filed the required notice of tort claim.  (Opinion, filed January 8, 2007, [Dkt. No. 5] at 28 n. 11).  Plaintiff, having filed no response to Defendants' motion, has failed to present any evidence demonstrating his compliance with the FTCA's mandatory exhaustion requirement before filing this lawsuit.

Accordingly, based on the evidence presented, this Court lacks subject matter jurisdiction over Plaintiff's tort claim of

4

intentional infliction of emotional distress and such claim must be dismissed.

PRISON LITIGATION REFORM ACT

Defendants argue that Plaintiff's claim alleging denial of medical care in violation of his Eighth Amendment rights should be dismissed because Plaintiff has failed to exhaust the available administrative remedies. The Prison Litigation Reform Act ("PLRA") requires prisoners to first exhaust all administrative remedies before asserting a claim in federal court. 42 U.S.C. § 1997e(a). Specifically, it states,

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C. § 1997e(a) (emphasis added).

The Supreme Court recently held that the PLRA requires "proper exhaustion." <u>Woodford v. Ngo</u>, U.S. 126 S. Ct. 2378, 2387 (2006). There, the Court stated that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." <u>Id.</u> at 2386. The exhaustion requirement applies to prison conditions, which include not only conditions affecting prisoners generally, but also to "occurrences." <u>Porter v.</u>

5

Nussle, 534 U.S. 516, 521 (2002). Exhaustion is mandatory, even if the available administrative processes cannot grant the desired remedy. Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000).

In assessing whether the exhaustion requirement applies to Plaintiff, this Court must look to his status at the time he filed his Complaint. Porter, 534 U.S. at 524; Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002). Section 1915 provides,

> the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

42 U.S.C. § 1915. In this case, the record is undisputed that Plaintiff was a prisoner incarcerated at the Federal Correctional Institution FCI), Fort Dix, in New Jersey at the time he filed the Complaint and is subject to the PLRA's exhaustion requirement. (Compl. at ¶ 1). The allegations arose while Plaintiff was housed at Fort Dix. (Id.). Thus, Plaintiff was obligated to take advantage of all available administrative remedies provided by the Bureau of Prisons ("BOP").

The Defendant has set forth evidence that the BOP provides an administrative remedy procedure in Program Statement 1330.13 and 28 C.F.R. § 542. (Def. Motion at 10). Pursuant to that procedure, an inmate has not exhausted his available remedies

until he has properly filed a complaint (and been denied relief) at the following three levels:  with the Warden using a BP-9 form (Request for Administrative Remedy); with the appropriate Regional Director using a BP-10 form (Regional Administrative Remedy Appeal); and with the General Counsel at the BOP's Central Office using a BP-11 form (Central Office Administrative Remedy Appeal).  (Id. (citing 28 C.F.R. §§ 542.10 et seq.)).  In addition, the BOP administrative procedure provides several other requirements:  inmates must attempt to resolve the issue informally with the staff before submitting a Request for Administrative Remedy to the Warden; inmates may not raise an issue in an appeal that was not raised previously in a prior lower level filing; and the administrative remedy coordinator may reject and return to the inmate an Administrative Remedy Request or an Appeal that does not meet the procedural requirements with an explanation for the rejection and notice of the time extension within which the inmate may correct and resubmit the Request/Appeal.  (Id. at 10-11).

In this case, Defendants submit evidence showing that Plaintiff did not exhaust his available administrative remedies concerning his claim regarding the alleged denial of medical care for exposure to ETS.  First, Plaintiff did not raise the issue of the adequacy/denial of medical treatment in his initial Administrative Remedy Request (No. 399087) submitted to the Warden of FCI Fort Dix on December 27, 2005, nor in his appeal to

the Regional Director.  (Moran Decl., Ex. 3).  Rather, he only raised it when he appealed the Regional Director's rejection to the Central Office on March 20, 2006, which Defendants argue is contrary to the BOP grievance procedure.  (Id.; Def. Motion at 15).  Second, although Plaintiff submitted another Administrative Remedy Request (No. 418865) on June 26, 2006, in which he specifically alleged that he was denied medical evaluation/treatment for ETS, such request was rejected because Plaintiff did not attempt informal resolution prior to his submission, and there is no evidence that Plaintiff ever resubmitted his request or appealed the rejection.  (Moran Decl. at ¶ 10; Exs. 2, 4).  Defendants argue that Plaintiff's failure to resubmit this second request or appeal the rejection of it signifies Plaintiff's abandonment of this request.  (Def. Motion at 15).

This Court finds Defendants' arguments to be hypertechnical and not within the spirit of the PLRA.  The Third Circuit has stated that a prison grievance system's procedural requirements must "not be imposed in a way that offends the Federal Constitution or the federal policy embodied in § 1997e(a)... [which] is that 'compliance with the administrative remedy scheme will be satisfactory if it is substantial.'"  Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004) (quoting Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000)).  Although "[t]he Third Circuit has not yet fully explored the meaning of 'substantial

8

compliance[,]'" this Court believes the facts in this case are within the ambit of "substantial compliance." Martin v. Telaga, 2007 WL 1725237 at *3 (W.D. Pa. 2007 Jun. 11, 2007).

The evidence shows that Plaintiff filed the requisite requests for administrative remedies/appeals at all three levels, in compliance with the BOP procedure, and was denied relief at all three levels. (Moran Decl., Exs. 3, 4). Upon receiving the "final" rejection of his first request from the National Office, Plaintiff started over at the beginning of the entire grievance process, only to have his next request denied for failure to attempt "informal resolution." (Id., Ex. 2). Defendants' reliance on minor technicalities is not enough to overcome Plaintiff's efforts to comply with the BOP procedure. Furthermore, the Court finds Defendants' argument that Plaintiff abandoned his second request concerning the denial of medical care because he did not submit another request or appeal to be disingenuous, as Plaintiff filed this Complaint on August 10, 2006, after he received the rejection of his second request.

Given the evidence of Plaintiff's compliance with the BOP procedure, this Court finds that despite the technical deficiencies pointed out by Defendants, Plaintiff substantially complied with the administrative remedy procedure and, thus, did exhaust his administrative remedies.[1]  See Caines v. Hendricks,

---

[1] In addition to the evidence of Plaintiff's substantial compliance with the BOP procedure, the Court is mindful of the

2007 WL 496876 (D.N.J. Feb. 9, 2007) (although Plaintiff did not indicate specific allegations of improper conduct in his administrative requests, court found that Plaintiff "substantially complied with the requisite grievance procedure and, therefore, did exhaust his administrative remedies").

**CONCLUSION**

For the aforementioned reasons, Defendant is entitled to summary judgment as to Plaintiff's tort claim but not as to Plaintiff's Eighth Amendment claim alleging denial of medical care.  An appropriate Order will issue this date.

Dated:  February 13, 2008         s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  UNITED STATES DISTRICT JUDGE

---

general notion that Plaintiff is pro se and thus held to a less stringent standard.  Cf. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) ("Throughout we bear in mind that, 'however inartfully pleaded,' the 'allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers'") (quoting Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972)).