NOT FOR PUBLICATION                           [Docket No. 34]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| DALMA S. EDWARDS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHARLES E. SAMUELS, JR., ALLIA J. LEWIS, H. THOMPSON, CHARLESTON IWUAGWA, PRADIP PATEL, D. SCOTT DODRILL, HARRELL WATTS, JOHN DOE #1, JANE DOE #1,<br><br>　　　　　Defendants. | Civil No. 06-3758 (RMB)<br><br>**OPINION** |

APPEARANCES:

Dalma S. Edwards
P.O. Box 9898
Norfolk, VA 23505
　　Pro Se Plaintiff

John Andrew Ruymann
Office of the US Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
　　Attorney for Defendants

**BUMB**, United States District Judge:

　　This matter comes before the Court upon Defendants' motion for reconsideration of the Court's Order, dated February 13, 2008 [Dkt. No. 30], granting in part and denying in part Defendants' partial motion to dismiss/partial motion for summary judgment.

1

Specifically, Defendants seek reconsideration of the portion of this Court's Opinion denying Defendants' motion to dismiss (or for summary judgment) as to Plaintiff's Eighth Amendment claim alleging denial of medical care.[1]  Defendants argue that the Court's decision "overlooked dispositive facts, the Bureau's valid regulations regarding the administrative remedy procedure, controlling legal authorities, and the wording, intent and spirit of the PLRA."  (Def. Motion at 4).  For the reasons discussed below, Defendants' Motion for Reconsideration is denied.

**STANDARD OF REVIEW**

A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Bracket v. Ashcroft, 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003).  There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See Carmichael v. Everson, No. 03-4787, 2004 U.S. Dist. LEXIS 11742, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 U.S. Dist. LEXIS 21312, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).  "A motion

---

[1] The Court assumes the parties' familiarity of the facts and therefore will not recite them again.

for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" Oritani S & L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Overall, the moving party must show "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d 349, 353 (D.N.J. 2001); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

**DISCUSSION**

As an initial matter, the Court notes that Defendants' motion for reconsideration requests this Court to "consider the arguments ... previously advanced in defendants' brief ... and dismiss [Plaintiff's] claim ... for the reasons stated in defendants' earlier brief." (Def. Motion at 2). In their initial motion, Defendants argued that Plaintiff's medical care claim should be dismissed because Plaintiff failed to exhaust his

available administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. The Court rejected that argument. In their motion for reconsideration, Defendants do not present any new facts nor any new legal arguments, but rather, ask this Court to rethink its analysis and come to a different conclusion. However, as noted above, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" Oritani S & L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990). While Defendants argue that the Court "overlooked" certain facts and legal authorities, the Court's Opinion shows that the Court did not "overlook" any of these facts or legal authorities, but considered everything and merely reached a conclusion unfavorable to Defendants. An undesirable result, however, is not grounds for seeking reconsideration.

Even if this Court were to rethink its analysis, the decision would be the same. Plaintiff's initial request for remedy and first appeal concerned his exposure to harmful second hand smoke. (Moran Decl., Ex. 3). Defendants are correct that Plaintiff did not specify the adequacy/denial of medical treatment in these first two complaints and instead raised it only in his second appeal. (Id.). However, this Court finds that Defendants' arguments parse Plaintiff's complaints too narrowly. All of Plaintiff's complaints centered around the same

4

issue: his health. When Plaintiff first complained about exposure to second hand smoke, he did so because he was concerned about his health. (<u>See, e.g.</u>, Plaintiff's Request for Remedy, dated Dec. 27, 2005 (Moran Decl., Ex. 3 at 1) (Plaintiff complaining of "being unwillingly exposed to the harmful effects of second hand tobacco smoke"); Warden's Response to Plaintiff's Request for Remedy, dated Jan. 17, 2006 (Moran Decl., Ex. 3 at 2) (noting Plaintiff "ha[s] been subjected to second hand smoke"); Plaintiff's Remedy Appeal, dated Jan. 30, 2006, (Moran Decl., Ex. 3 at 3-4) (Plaintiff expressing concern about "the harmful effects [that] ETS may have [on his] future health needs"); Regional Director's Response, dated March 2, 2006 (Moran Decl., Ex. 3 at 5) (stating that "[i]f you feel your health has been affected by exposure to smoke, you should contact Health Services to be examined").

Similarly, when Plaintiff complained about the medical treatment he was receiving (or lack thereof), he did so because he was concerned about his health. (See Plaintiff's Central Office Remedy Appeal, dated March 20, 2006 (Moran Decl., Ex. 3 at 7) (Plaintiff stating he has "on numerous occasions sought medical help from health services" and that he "believe[s] the Medical facility...is unequiped [sic] and the staff untrained to to [sic] fully evaluate the potential for future harms to me as a result of the on going [sic] exposure"). Thus, despite the

5

technical deficiencies pointed out by Defendants, this Court maintains its holding that Plaintiff raised his health concerns (stemming from his exposure to second hand smoke) at all three Bureau authority levels, thereby <u>substantially</u> complying with the administrative remedy procedure.[2]  See <u>Spruill v. Gillis</u>, 372 F.3d 218, 232 (3d Cir. 2004) ("'compliance with the administrative remedy scheme will be satisfactory if it is substantial'") (quoting <u>Nyhuis v. Reno</u>, 204 F.3d 65, 77-78 (3d Cir. 2000)).  Accordingly, Plaintiff did exhaust his administrative remedies.

**CONCLUSION**

For the aforementioned reasons, Defendant's motion for reconsideration is DENIED.  As this case was previously administratively terminated pursuant to Rule 10.1, it will be re-

---

[2] Defendants assert that the Court's Opinion cited two district court cases that do not lend support to the Court's conclusion.  (Def. Motion at 8 n. 1).  As to <u>Martin v. Telaga</u>, 2007 WL 1725237 at *3 (W.D. Pa. 2007 Jun. 11, 2007), Defendants appear to have misunderstood the Court's purpose for this citation – the Court cited <u>Martin</u> for the limited purpose of explaining that "the Third Circuit has not yet fully explored the meaning of 'substantial compliance[,]'" not for that case's ultimate outcome, which was premised on different facts.  (Opinion at 8-9).

Secondly, the Court cited <u>Caines v. Hendricks</u>, 2007 WL 496876 (D.N.J. Feb. 9, 2007), as an example of a case where a plaintiff-prisoner was found to have substantially complied with grievance procedures despite some minor deficiencies.  Defendants may argue that Plaintiff's procedural deficiencies were not minor, but this Court disagrees.  Plaintiff raised the same issue - i.e., his health - in all of his complaints and this constituted substantial compliance.

opened this date solely for the entry of an appropriate Order and thereafter closed.


Dated:  April 3, 2008         s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE